May it please the Court, Megan Kavanaugh on behalf of the Appellant Dickinson Wright. All involved in this action, including my opponent Warrior and the District Court, agree that there are issues of federal patent law implicated in this state legal malpractice claim. I think the dispute to be resolved by this Court is whether those patent law issues are substantial. The District Court was of the opinion that the issues implicated are not substantial and that jurisdiction therefore lay in the State Court. What does substantial mean? Does it mean that they're necessary in order to reach a judgment in the case? I think that that is a component and I think also looking at the U.S. Supreme Court's decision in Grable informed us that substantial interest is one that justifies resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues. And so in both instances, that makes the issue substantial. It was the District Court's opinion, I think, a narrow, a very narrow construction of the complaint was that the only issue implicated was the payment of the maintenance fee. And his conclusion was that that was not a substantial issue. I disagree with that, which I can get to later, but my other point is that I think that that's an unduly narrow construction of the complaint because I believe under Michigan law, the legal malpractice claim implicates substantial issues of federal patent law, including the patent's validity, infringement of the patent, the inequitable conduct issues, all of which, clearly by this Court's precedent as well as I believe the U.S. Supreme Court precedent, are issues that are substantial patent law issues. And why are they substantial? Because in order to determine the damages in this case, one has to, under this impaired settlement theory, evaluate the validity and those other issues? Is that what it is? I think that's part of it. I don't think it's just necessarily a damages issue under Michigan law. It's a proximate cause analysis. It's the causation element, and it's also, I think the Michigan court sometimes refers to it as the actual injury component, that the injury, their very theory of the case is that but for these acts of alleged malpractice, they would have obtained more in their infringement action than what they settled for. So in order to establish that causation, a fact which in fact Warrior agreed in the district court, and its pleadings reflect that that was its theory of the case, was that it needed to prove that suit within a suit, and Michigan courts have consistently held that that theory is applicable in a case like this. When you say a case like this, what's the category of cases that you perceive Michigan as applying the suit within a suit doctrine? I believe that this is like the decision, the Coleman decision under Michigan law, that enumerated three examples of cases in which the suit within a suit requirement applies. And those were where the attorney's malpractice precluded the client from obtaining the relief it sought, such as an example of missing a statute of limitations and filing a suit. There were a couple others which are inapplicable, failing to file an appeal, failing to appear that resulted in a default or something. I believe this falls in the first category of those cases. Is it like a statute of limitations? I think it is. It's that they did not receive all that they were due. Perhaps this is just a question of Michigan law, but I guess we get sucked into having to address or at least consider Michigan law anyway. But I'm having a hard time understanding, as a matter of Michigan law, the notion that yes, the suit within a suit doctrine applies in this category of cases, but not in a different category of cases, such as, for example, the failure to have an expert at trial. Why would that – what would you do in a case like that in Michigan, that if it didn't fall within a suit doctrine, what would you do? How would you decide what to do about damages? I mean, would you just assume that the plaintiff would have won? Right. No. And I agree with you. Do you have a sense of what Michigan law would do with that case? I have not, even though this notion that is cited in the Coleman decision, that it has limited applicability, I am not aware, other than the Best Foods case, which is cited in our briefing, which is a case on which Coleman relies, I have not seen a case in which the suit within a suit doesn't, in fact, apply. And the reason for that, the reason for the requirement of a suit within a suit, is to ensure that the damages claimed are not speculative. And unless you can establish that you would have been successful, or at least more successful, and I think perhaps that Coleman is being read too broadly, I think that it's the notion that you don't have to prove, perhaps in a particular case, that you would have been entirely or completely successful. In the Coleman, that had to do with venue, which they didn't really get into, but the underlying case, this Best Foods case, was a judgment was entered against the client. And their contention was that they shouldn't have incurred the liability that was entered against them, and the Best Food case thought it would be unfair for them to prove that they would have been completely successful. That if they could show that they would have been more successful than they were, or even if not completely successful, that that wouldn't preclude them from recovering for the malpractice, for the difference. Let's take the hypothetical then of let's assume the only alleged improper conduct here was the failure to pay the maintenance fee. So they lost the patent. And let's assume they had a license on the patent. No infringement litigation going on, but there was a license. So for this patent, they were supposed to get for the next 10 years such and such money. And that's what, therefore, they were suing the firm for. Would that be different than this case, then? Would there be no federal jurisdiction? We've got an amount of money, a set amount of money at the license fee, and you're saying, you lost the patent, you didn't pay the fee, and, therefore, you owe me this amount of the license that I otherwise would have been able to procure over the next 10 years. Good result? Can I answer? Are we also putting aside the reinstatement issue? Yes, put aside the reinstatement issue. Okay, so it's just straight up. I would say that that would be a much harder case to say would remain in the federal, that the federal court has jurisdiction, where there is no, well, I could see the instance. I think the easiest case is perhaps whereby principles of res judicata or something. You cannot dispute, say, the amount, the set amount of money. If that is clearly established and there's no discovery. Right, the difficulty is having to swear to draw the line. Sure. In theory, you could say, hypothetically, well, somebody might have gone in and challenged the validity of that. Under MedImmune, you know, the licensee could have gone in and filed a DJ three years up. And so it would still, if that's a defense, then you'd have to adjudicate the validity. So I'm having a hard time where we draw the line. And I think that when the only response with a patent law issue arises is only in an anticipated defense, I think that cold industries and this court's precedent agree that that doesn't, even if that is the only basis on which the case is tried or successful, I think that if it comes up as a defense, then that line has been drawn. But I think that if the necessary, that would be out. And I think a necessary element of the claim involves the interpretation, resolution, application of federal patent law, then it would be that that is the province of the federal courts. And the whole purpose of doing that is to ensure the hope for uniform application. So your position is that a line would be drawn. We may not know exactly where to draw it, except that this case might be extremely on one side or the other,  but then your position has to be that the nature of the damages and the way that they're measured determines which court, federal or state, has jurisdiction of the basic malpractice claim. And that seems to go beyond a good deal of what the authority requires. Again, I don't think it's necessarily just a theory of damages. I think because under Michigan it is an element of their cause of action. It's the proximate cause or the actual injury. Do you know what the amount of damages or the way damages are measured? You're saying it's an element of the cause of action. If damages are measured a different way, then you may not have a cause of action in that court. I'm saying that I think the suit within a suit requirement satisfies not necessarily the damages issue. It's the proximate cause, actual injury. That's what the case is about, is it not? The damages. Damages, proximate cause, and actual injury, I would say. That those are elements of the cause of action. And I think that if, say, for example, there is a factual scenario where there is no ability to challenge or there is no requirement that the court presiding over the malpractice action would have to evaluate or interpret or apply patent law in order to resolve that issue, then perhaps that would fall out. When you say resolve that issue, you mean the issue of liability or the issue of malpractice? Something went wrong. Correct. Something went wrong. Correct. That issue is the same no matter how the damages are measured, is it not? Well, but in some cases that may have already been determined or couldn't be challenged. In this case, it was left unresolved. I don't believe so. The issue of infringement, of enforceability, of validity of the patent had not, in fact, been determined. And in order to succeed in proving that Dickinson Wright's alleged malpractice caused them to settle their claim for more than what it was worth, they're going to have to prove that they would have been successful. It caused them to settle the claim for less than it was worth. Yes. Yes, I'm sorry. I'm sorry, yes. That is our position. And even if, again, going back to if the district court was correct and narrowly focusing solely on the maintenance fee and reinstatement issue, I respectfully disagree that that issue does not implicate a substantial question of federal patent law. We've got four prongs under Michigan law, and you've focused on the causation prong. What about the last one? The last one is the fact and the extent of the injury alleged. Is that damages? Is that another way of saying the amount of damages? It may be, and as I point out in our reply brief, I think that Michigan courts have addressed, different courts have addressed it as either an element of the proximate cause prong or the actual injury prong. Are you telling us it doesn't matter why the mistake was made in the first place? Why the mistake? The failure to pay the maintenance fee. No, I think it does matter. And I think that that's an issue that has to be resolved of what is the standard of care? I mean, first element, was there a breach? But federal judge, I'm sorry, go ahead. I'm really trying to find the relationship between the case between the case within a case and how ultimately one determines what might have happened. And the threshold question of the complaint, which would be the basis for jurisdiction. But you say not the sole basis. Right. I believe that a number of the elements in the Michigan Legal Malpractice Claim implicate substantial questions of federal patent law. First issue is that there's a relationship. That obviously is a given. What is the standard of care and whether the attorney's conduct breached that standard of care, I believe does implicate substantial questions of federal patent law. The maintenance fee, the reinstatement, the conduct of the attorney in front of the PTO, whether it could have been done sooner, whether they acted reasonably, whether it was unavoidable or unreasonable delay. Those, I believe, implicate substantial questions of federal patent law. In addition to that, their theory of the case is that but for those acts of malpractice, they would have obtained more in their infringement action than what they settled for. And so in order to prove the value of their case that they say that they accepted a reduced value for, the value of their case, they need to establish that it was a valid patent that was infringed. Again, implicates both. This is where I want to understand your position. If, in fact, it didn't hurt them very much, there's no malpractice claim? If it didn't hurt them much. If there were not major damages, you're saying we have to determine what the consequences would have been, what might have happened had the error not been made, that that determines the jurisdiction, that determines which court has authority, or if either court might have authority. I suppose that's another question as to whether either court might have had authority. It looked as if neither one was particularly anxious to take this on. Well, I don't, and that is the fear is that the risk in why this decision is important to be resolved is that the federal court's jurisdiction is exclusive and neither party benefits from obtaining a judgment that turns out to be improperly, the jurisdiction of the court that rendered that judgment was improper. And so I believe it's solidly in federal, and I don't think it's just if you remove the damages issue, that substantial questions of federal patent law are not implicated. As I indicated, I think the standard of care and the breach, whether the actions of Dickinson Wright breach that standard of care also implicates substantial questions of patent law. I'm sorry. I understand your second point about, I think I understand, the approximate cause flesh extent and degree of the potential injury. I'm having a hard time seeing why it is that the breach would turn on, the fact of the breach would turn on a substantial issue of patent law. Could you give me sort of a spin out of a scenario in which a substantial issue of patent law would be presented by the question of whether there was a breach or not? Let me put it a different way. Why isn't the question of whether the maintenance fee was paid or not simply the same kind of factual question that would be raised in a case involving whether the statute of limitations was met or not? Where would be the exclusive patent law considerations that would bear on that issue? Well, I believe that the issues of the maintenance fees, the lapse of the patent, the reinstatement is unique to patent law. In what way is it unique? In the sense that if a lawyer has a clear duty and there's no particularly clear reason that the lawyer shouldn't have proceeded to do what the lawyer was otherwise obligated to do and doesn't do it, you're done on breach, aren't you? Well, perhaps on the date access when it was due, it wasn't paid on date X. Easy enough. But the reinstatement issue, I believe, is part and parcel of that. And the reinstatement there are that under the U.S. Code and the Code of Federal Regulations of the time periods of when it can be reinstated, what a petitioner needs to show as far as why that payment wasn't done and the unavoidable delay standard and the evidentiary burdens of showing that. And it's that same reason why I think, like an infringement analysis, like a claim construction analysis or other validity issues, patent validity issues, that the benefit of a federal court, a single federal court, who is particularly well-equipped and endowed by Congress to make those determinations to ensure the hope of uniformity in application of those laws, that that is a question of federal patent law. Okay. We'll save you rebuttal time, Ms. Cavanaugh. We asked you a lot of questions. Thank you. Mr. Kachinowski, whatever time you need. Good morning. May it please the Court. I'm here in an odd situation, odd posture, in that we didn't take a position before the district court really for or against federal court jurisdiction. In fact, we filed the complaint based on a stipulation in order to avoid the issue that my opposing counsel alluded to, which is to go down the road in a court and reach a resolution only to have the appellate court say we didn't have jurisdiction in the first place. So for us, the decision from the district court, while we officially support it, the main reason why we're here is so that there is a final decision from a federal appellate court as to what court has jurisdiction over this matter. So you don't really care all that much where you are. You just don't want to end up with a judgment that you can't do anything with. Well, Your Honor, I don't want to put it quite exactly that way, but there was a case in California that ended up in that kind of posture, and that's a terrible position for all litigants to be in. Having said that, the position that we took right from the outset is that we agree with the district court that this case should be decided by the Sixth Circuit rather than this court. In other words, now you're addressing the question of our jurisdiction as opposed to the district court's jurisdiction. That's correct. Because I think I'm obliged to. I think we're obliged to do that, is to determine this court's jurisdiction first. Well, is our law on jurisdictional issues binding on the district court? Is that an open question? I think that the way that this court received the appeal does not seem that it fits this circuit's decisions in the first place. That is, the decisions that we cited, the Nielsen, the Grant-Holtz, the two others, the unpublished decisions, all seem to suggest to us that where you do have a dismissal without prejudice on the merits, as undoubtedly there was, there is no 1338 jurisdiction on which is necessary predicate to have 1295A1 jurisdiction, appellate jurisdiction in this court. And that seemed to us to be a dilemma that has to be resolved. It has to be resolved in the first instance. So we filed a motion, and the court denied it without prejudice to raise it before this panel. So we did raise that issue because I think it is important that the court address its own jurisdiction and how it has jurisdiction to hear this decision. Well, we had a case, an older case, that addressed this exact question. Unlike the Nielsen case, which is a different kettle of fish. And we said that in this case in which the sole issue decided by the district court is whether it had jurisdiction under 1338. This is C.R. Bard against Schwartz. Have you run across that case in your research? I know the C.R. Bard case from other areas. Well, that's a different C.R. Bard. C.R. Bard is up here a lot. Not the inventorship case. This is one back in 83, early in this court's life. And we said that we have jurisdiction over the appeal because under the principle that a court always has jurisdiction to determine its jurisdiction. And we went on to say any other conclusion would cause our jurisdiction to turn on the decision reached by the lower tribunal, which is your argument. And we said under 1295, if the district court had found its jurisdiction was based on 1338, the appeal would come here. And to say that we have a different result where the district court finds that there's no jurisdiction, the district court would be absurd. So I think we've closed the door on that argument, unless you have something further on that. Your Honor, other than the cases which apparently the Nielsen and the other cases ignore that distinction. Well, I think that that's a situation where there's an insubstantial federal claim. And the basic, what the district court is saying is this is just a claim which is tossed in in order to try to get this case into federal court. And once you toss that out, all you've got is the state law claims. And therefore, this goes to state court. That sort of thing is rather different from this, it seems to me. Well, I would beg to differ in at least one instance. The Nielsen case, there was a patent infringement claim that was, I wouldn't think it was insubstantial, but it was dismissed by agreement without adjudication. And it seemed to me that the adjudication, without adjudication question was the defining question for whether there was 1338 jurisdiction. But having said that, I understand obviously the court's position. As far as addressing Your Honor's earlier question, we don't care so much. But we do think that the district court is correct in that there really aren't substantial or necessary questions of patent law here. And as this court's questions to my opponent indicated, some of the notion of the failure to pay a maintenance fee for two and a half years, it seemed to us to not require any substantial or necessary application of that. Well, they have to establish the fact and extent of the injury. How can you not get into the impaired settlement theory which implicates questions of infringement and validity in order to establish that problem? I think that we have to look at where was the case when the actions took place. The case was essentially ready to be tried. And the district court had decided in Warrior's favor questions of summary judgment brought by its opponent, the STX company, had decided questions of claim construction. It had decided many other issues. And the case was literally ready to be tried when these issues of the failure to pay the maintenance fee, the invalidity of the lapse of the patent were all brought to the attention. So each of these cases, I think, has to be looked at on its own set of facts. And I think that that's what this court said in the air measurement case. I think that's correct. So at that stage, if you look at it, from when the malpractice was committed and when it was discovered, what would a state court actually have to do to establish whether the negligence was approximate cause of the injury, or the fact and extent of the injury, which are the two elements? Well, let's take the fact. I'm sorry. Well, or to finish your sentence, or to establish quantum, the amount of damages. It does seem as if these are the lines that are being drawn. We know that there was something that should have been done that wasn't done. Nobody disputes that. We know that there were consequences. And yet what we seem to be debating is that the jurisdiction depends on what needs to be done in order to determine the consequences. Do you agree with that? I think in every legal malpractice case, you are forced to look at the particulars of the particular situation. But to determine the damages, not to determine whether there was, in fact, malpractice to start with. That's right. To determine the damages here, I simply don't see how it affects substantial or necessary portions of patent law. It is simply the amount of damages, even under an impaired settlement theory, has to look at exactly what happened at that particular point in time. Let's bring it down into the practical world of how you would try this case. Presumably, you would show that the law firm failed to comply with its duty to your client by failing to, let's just take the maintenance fee issue, failing to file a maintenance fee. And then what do you do when the judge turns to you and says, all right, what are you going to put on to prove elements 3 and 4 to show approximate cause of an injury and 4, fact and extent of the injury alleged? Your injury turns, does it not, on the likelihood of your having been able to prevail if the patent had been in effect, right? Isn't that what the injury turns on? Certainly, part of the lawsuit. Does that turn require you to show that you had a viable infringement case? Let me turn this maybe around. Well, actually, before you go to your version, I'd like you to answer my question. Certainly, it's unavoidable that in this case there will have to be a discussion of the viability of the case. Whether or not the state court judge, if it's a state court case, then has to decide substantial issues of patent law, I think turns on where that case was at the time the malpractice had an effect, the approximate cause and extent of the injuries. And in this particular case, our position is, and what we didn't articulate to the district court, I am trying to articulate it here, the case was almost at the trial level. And some of the issues that would have to be faced by the state court judge, if it was a state court case, had already been decided. Are you suggesting that if this case goes to the state court, the state court judge doesn't have to do all of this patent-related work because it's already been done by the district court? I think that it's going to be, certainly some of those decisions have already been made. And I think for the uniformity or requirement- You would say that those, well, go ahead. Well, I think that that's exactly right. That the state court judge would not have to delve deeply into patent law, would not have to delve deeply into deciding, for instance, in the Immunosub case that the circuit decided, the contours of a patent claim. What should have been, how should a patent claim have been drafted? Here, the claim construction had been made. Summary judgment decisions had been made and denied in favor of the warrior. So there is, I think the only real issues that the district court would have to wrestle with are not unique to patent court, is amount of damages. Well, here the warrior had an expert who had opined as to the amount of damages. Other side had an expert as well. Well, looking at experts' reports, looking at who said what, obviously that is something that the state court would have to do. But none of that involves, I think as a district court found, substantial or necessary issues of patent law. And that was why I think that the district court was correct in the first instance. The other, only other point I would like to take up is our theory of liability also includes the theory, the lost licensing theory. And that includes the beers company prongs of this case. And that was when the patent was found to be lapsed, the licensee, warrior's licensee, refused to pay its license fees. And that is one of the bases for the malpractice case. And again, we don't think that that involves any issue of substantial or necessary patent law. It's a straight up licensing issue. The licensee says we don't have to pay on a non-existent patent. And the only question there is amount and extent of licensing revenue that was lost because of the lapse. So for these reasons, we support the district court's opinion, but we don't take the support extraordinarily far in our argument. Any more questions? Thank you, Mr. Kachinowski. Thank you, Your Honor. Okay. Ms. Cavanagh. A brief rebuttal. My opposing counsel indicated their position that the resolution turns on where this case was at the underlying infringement action. They suggest that none of the patent-like questions we have on infringement of validity were necessary to resolve the decision. And I respectfully disagree. They don't say that none are. They say some decisions were already made, but the decisions that were not made implicate federal patent law. And those are? Well, the court had construed the claims, but the question of infringement had not been determined. And, in fact, in the underlying case, summary judgment had been denied to the alleged infringer, to STX, meaning that there were questions of fact which existed as to whether or not Warrior could prove its case of infringement. And then the settlement occurred. How did the district court dispose of that again? The district court did not. STX, the defendant, the infringing defendant, had filed motions for summary seeking a determination that there were no genuine issues of material fact, non-infringement, and the district court had denied those motions, meaning that questions of fact existed, that a jury needed to be submitted to a jury to determine whether infringement had occurred, which is, as I cited in our reply brief, there's a Michigan case in contrast where, in the underlying patent infringement case involving my opposing counsel, or in that case as well, that there was a determination of non-infringement. And so in the malpractice action, the plaintiff, former client, couldn't challenge that decision because it had been conclusive. This is in the 180 degrees different from that. I'm sorry. Is it part of your defense in this case, whether it is in state court or district court, that there was no infringement case here to be had? I mean, is that the issue? Or that the patent was not setting aside the maintenance fee issue, is that the patent was not valid? Yes. Right. Right. I mean, that's not, as an error measurement indicated, that's not the sort of jurisdiction defeating defenses. That would perhaps defeat jurisdiction that indicated in the cold industry cases. And an error measurement recognized that, that the infringement is an element of their cause of action. Right. That's your contention, that under Michigan malpractice law, I understand. That they can't establish that. But, I mean, I'm struggling with the argument that your opposing counsel made, that a lot has already been done here. Is the idea that the district court in this case has already decided questions that therefore obviate any need for the trial court in the state law proceeding to decide, and for that reason, there aren't any remaining patent law issues? Is that what you understand the argument to be? That's what I understand the argument to be. I don't agree that that's, in fact, the case. And I think he's saying they don't have to delve too deeply into it. Well, let's assume that it is the case that the district court in this case decided all the patent law issues, and then said, whoops, I don't really think this case belongs with me, and sent it to the district court, to the state court at that point. That doesn't make the case one not involving substantial patent law issues, does it? I'm sorry, can you repeat the question? That's a very confusing question, I'm sorry. Let me try again. Okay. Assume that the district court decided, here's what we're going to do in this case. I don't really want to handle this malpractice case. Okay. We're talking entirely about the malpractice. Okay. But I recognize that there's a potential group of patent law issues around here, so here's what I'm going to do. I'm going to decide all the patent law issues. For example, I'm going to decide that there absolutely would have been an airtight infringement case, and that the patent is valid, and that there's no inequitable conduct. Okay, I'm done with the patent law issues. Now all that's left in the case is state law issues of whether there's malpractice under Michigan law, and I'm going to send those back to the Michigan court. That does not strike me as a correct procedure. No, it's almost akin to like a reverse certification, that you're asking the federal court to decide the federal issues, and then the state court just applies it. And then what do you do when you, for example, want to take an appeal from the Michigan trial court? You would be going to a Michigan appellate court and, in effect, reviewing the federal district court's decisions on the patent law issue. And if you look, I think Cold Industries also gives us the answer to that, where it had jumped back and forth between the Seventh Circuit and the federal circuit, and eventually this court decided the issue, saying, I don't think we have jurisdiction, but because we bounced around so much, we're deciding the issue. And the U.S. Supreme Court said that if there's no jurisdiction, you can't decide the issue. So if the district court doesn't have jurisdiction because it's not, the malpractice case doesn't implicate substantial questions of federal patent law, I don't think he can make those decisions. Okay, thanks. Good. Thank you, Ms. Cavanaugh. Thank you. Mr. Kaczynski, the case is taken under submission.